IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-177-BO

| | | |
|---|---|---|
| TIFFANY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on June 14, 2019, at Edenton, North Carolina. For the reasons that follow, plaintiff's motion is granted and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on September 9, 2013, and has alleged an amended onset date of January 19, 2013. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a

Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements through December 31, 2018, and that she had not engaged in substantial gainful activity since her amended alleged onset date. The ALJ found plaintiff's multilevel cervical, thoracic, and lumber degenerative disc disease; obesity; hypertension; carpal tunnel syndrome; major depressive disorder; panic disorder; post-traumatic stress disorder; and borderline personality disorder were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a Listing. The ALJ found plaintiff to have an RFC of a reduced range of sedentary work with exertional and non-exertional limitations. The ALJ found that at step four plaintiff could not return to her past relevant work as a family and child welfare case worker, but that at step five, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant

numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

The Court finds that remand for the ALJ to properly evaluate the opinion evidence in the record is necessary. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* In formulating an RFC supported by substantial evidence, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[2] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion

---

[2] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision. *See, e.g., Thompson v. Berryhill*, No. 3:16CV815 (MHL), 2018 WL 715597, at *3 n.2 (E.D. Va. Jan. 18, 2018), report and recommendation adopted, No. 3:16CV815 (MHL), 2018 WL 717346 (E.D. Va. Feb. 5, 2018).

with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

Here, the ALJ declined to give controlling or substantial weight to two of plaintiff's treating physicians because one opinion was in check-box format and the other was "vague and not expressed in vocationally relevant terms." Tr. 28; 29.

Dr. Corvino provided an opinion using a form in which he indicated that he had seen plaintiff once a month for nine months and that plaintiff would be limited to lifting and carrying ten pounds, standing and/or walking less than two hours per day, and sitting less than six hours per day. Tr. 561-62. Contrary to the ALJ's conclusion, Dr. Coplin's opinion was neither vague nor expressed in terms irrelevant to a vocational analysis. Dr. Coplin's opinions are in regard to plaintiff's ability to sit, stand, lift and carry, and push and pull, which are directly relevant to the inquiry into whether a claimant can perform substantial gainful activity.

Second, as plaintiff correctly argues, the use of a check-box form is not, in and of itself, a basis for discounting the weight of a treating opinion. *Pate v. Berryhill*, No. 5:16-CV-00864-D, 2018 WL 577998, at *8 (E.D.N.C. Jan. 10, 2018), *report and recommendation adopted,* No. 5:16-CV-864-D, 2018 WL 576833 (E.D.N.C. Jan. 26, 2018). Dr. Arcedo's opinion as to plaintiff's abilities to perform work activities specifically noted plaintiff's bilateral hand weakness and severe carpal tunnel syndrome. Tr. 1021-22. Dr. Arcedo's treatment notes and letter further discuss objective findings regarding plaintiff's L5-S1 disc herniation and abnormal electrodiagnostic testing in plaintiff's upper extremities. *See* Tr. 987.

The ALJ's explanation for discounting the opinions of these two treating physicians is inadequate and perfunctory. Such rejection of treating source opinions is grounds for remand

5

where, as here, the ALJ failed to adequately explain where any non-treating sources disputed the treating source opinions or how the opinions were not well-supported. *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017).

Because the Court has determined that remand is appropriate on this basis, it declines to consider plaintiff's additional arguments.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment [DE 26] is GRANTED and defendant's motion for judgment on the pleadings [DE 32] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this ___2___ day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE